IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARNELL HUTCHINSON, | : | |
| | : | 4:09-cv-2543 |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. J. Andrew Smyser |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**July 29, 2010**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 18), filed on April 26, 2010, which recommends that Petitioner Darnell Hutchinson's ("Petitioner" or "Hutchinson") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("the Petition")(Doc. 1) be denied because the claims have not been exhausted in state court and have been procedurally defaulted. Petitioner filed objections to the R&R on May 18, 2010. (Doc. 21).

On June 8, 2010, we issued an Order directing the Respondents to file a a response to the Petitioner's objections. We specifically directed Respondents to

address whether the claims raised in the instant habeas petition have been previously raised and, if so, whether they have been exhausted. (Doc. 22). Respondent filed a response on June 24, 2010. (Doc. 23). Although not ordered to do so by this Court, Petitioner filed a reply to the Respondent's submission on July 8, 2010. (Doc. 24). This matter is accordingly ripe for our review.

## II. STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## III. DISCUSSION

The instant Petition arises out of Petitioner's belief that the Respondent, Pennsylvania Board of Probation and Parole, has miscalculated his minimum and

maximum release dates on sentences Petitioner is serving as a result of multiple state court convictions. Petitioner also argues that he received ineffective assistance of counsel in presenting his petition for review in the Commonwealth Court.

Magistrate Judge Smyser concluded that "[t]here is not anything presented in the history of the petitioner's treatment at the hands of the Pennsylvania Board of Probation and Parole that has been set forth by the petitioner that gives rise to a basis for finding that his federally protected rights have been violated, that he has not received due process, or that he has not been effectively represented by counsel." (Doc. 18 at p. 6). Specifically Magistrate Judge Smyser concluded that the Petitioner attempts to raise a claim in the instant Petition that has not been raised in state court, and thus this claim is not exhausted and has been procedurally defaulted.

Within his objections, Plaintiff argues that he did in fact raise the issue[1] in the instant petition in state court, and attaches an exhibit to his objections (Exhibit 7, Petitioner's first petition to the Commonwealth Court, located at Doc. 21-3, p. 2), that, upon first blush, appeared to have merit and thus caused the Court to order additional briefing.

[1] Specifically, the issue that appears to have been raised in both the state court petition and on the instant federal petition involves whether a state sentence Petitioner was serving was appropriately "stopped from running" while he was serving backtime for other new convictions.

However, after reviewing the parties' supplemental submissions, it is evident to the Court that Magistrate Judge Smyser's recommendation of dismissal for Petitioner's failure to exhaust his claims in state court and the procedural default of those claims is correct and shall be adopted by this Court for the reasons that follow.

First, with regard to Petitioner's sentence calculation claim, it is evident that Petitioner has not exhausted this claim and he has procedurally defaulted on it. Petitioner did not attempt to challenge his sentence calculation (that occurred as result of his recommitment on a parole violation) until he filed a mandamus action against the Board of Probation and Parole and the Department of Corrections on February 21, 2007.[2] In this action, Petitioner challenged his recommitment as a parole violation and the sentence calculations that resulted. However, this action was filed in the Commonwealth Court's original jurisdiction, and that court lacks original jurisdiction over challenges to the Board of Probation and Parole's revocation or recalculation decisions. Claims of that sort must be filed in the Commonwealth Court's appellate jurisdiction. Thus, on May 1, 2007, the

---

[2] It is well to note that this action was filed almost 19 years after the parole violation maximum sentence date on Petitioner's original sentence was established, more than 14 years after he was re-paroled from that sentence, and nearly 7 years after the parole violation maximum date on that sentence expired.

mandamus action was dismissed.[3] Thus, it is evident that Petitioner simply has not exhausted his state remedies with respect to his sentence calculation claim. Petitioner has also procedurally defaulted on this claim. Plaintiff had full opportunity to appeal his parole revocation and recommitment and the subsequent re-calculation of his sentence maximum, however he did not do so. Further, Petitioner has not shown any cause to excuse his default.

Next, we find that Petitioner's ineffective assistance of counsel claim must also be dismissed. Petitioner specifically claims that his parole revocation counsel was ineffective "by not requesting the original or copy of the original Board decision [calculating his maximum release date]." (Doc. 1, Ground 2). Courts in this Circuit have consistently concluded that there is no right to counsel in parole revocation proceedings and rejected claims of ineffective assistance of counsel. *See Burgess v. Holt*, Civ. No. 06-cv-1954 (Vanaskie, J.); *Simmons v. Coleran,* 2005 WL 2783001 (E.D. Pa. Oct. 24, 2005); *Riley v. Myers*, 2002 WL 31845865 (E.D. Pa. Dec. 18, 2002); *Person v. Pa. Bd. of Prob. & Parole*, 1999 WL 973852 (E.D. Pa. Oct. 20, 1999). Thus, because Petitioner does not have a right to counsel in a parole

[3] Even assuming *arguendo* that the mandamus action was the appropriate mechanism for Petitioner to challenge his parole revocation and recommitment, Petitioner did not appeal the dismissal of the mandamus action to the Pennsylvania Supreme Court.

revocation proceeding that is secured by the United States Constitution or laws of the United States, his claim for ineffective assistance of counsel must fail.[4]

## IV. CONCLUSION

Thus, based on all of the foregoing, the R&R of Magistrate Judge Smyser shall be adopted, the petition shall be denied and this matter shall be closed. An appropriate Order shall issue.

---

[4] Further, even assuming *arguendo* that Petitioner could assert an ineffective assistance of counsel claim on a parole revocation proceeding, Petitioner simply cannot meet the exacting burden of *Strickland v. Washington*, 466 U.S. 668 (1984) based on the claim that his counsel failed to request a copy of the original board decision. Additionally, we note that it appears Petitioner's counsel did receive a copy of the decision, inasmuch as the certified record in that case shows that a copy was sent to Petitioner's attorney.